IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Marco Enriquez,       Plaintiff, | ) ) ) |
| v. | ) )  Case No.: 19 CV 5323 |
| Triple D Express, Inc., | ) ) ) |
| and Dobrin Dobrikov | ) ) ) ) ) |
|           Defendant. | ) |

## COMPLAINT

NOW COMES Plaintiff Marco Enriquez ("Marco" or "Plaintiff"), by and through his attorneys, and for his Complaint against Defendant Triple D Express, Inc. ("Triple D") and Dobrin Dobrikov ("Dobrikov") ( Collectively referred to as "Defendants") states as follows:

### Nature of the Action

1. This civil action is brought by the above-named plaintiff who brings this claim for overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1 *et seq.*

### Parties

2. Plaintiff worked as a janitor and landscaper for Defendant.

3. Defendant Triple D Express, Inc. is an Illinois entity headquartered at 1570 Hech Ct, Bartlett, Illinois 60103.

4. Defendant Triple D is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1)(A) of the FLSA.

5. During the last three years, Defendant Triple D's annual gross volume of sales made or business done has exceeded $500,000, exclusive of excise tax.

6. Defendant Triple D is the Plaintiff's "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

7. Defendant Triple D is the Plaintiff's "employer" as defined by the IMWL. 820 ILCS 105/3(c)

8. Plaintiff was Defendant Triple D's "employee" as that term is defined by the FLSA. 29 U.S.C. §203(e)(1)

9. Plaintiff was Defendant Triple D's "employee" as that term is defined by the IMWL. 820 ILCS 105/3(d)

10. Defendant Dobrin Dobrikov is the President of Triple D Express, Inc. and implemented and oversaw the wage practices described herein.

11. Defendant Dobrin Dobrikov was responsible for the day to day operations of Defendant, oversaw Plaintiff's wage payments and schedule, had power and authority to hire fire and promote Plaintiff.

## Jurisdiction and Venue

12. Subject matter jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b).

13. Venue is proper in this Judicial District as all of the events arising out of this case arose in this Judicial District.

## Factual Allegations

14. Plaintiff worked for Defendant within the past three years.

15. Defendants did not pay Plaintiff one and one-half time his regular rate of pay for all hours worked above forty hours in a work week.

16. For instance, during the pay periods 6/10/18 - 6/16/18; 7/10/2016-1/16/2016; and 8/9/2015-8/15/2015 Plaintiff was not paid one and one-half times his regular hourly wages for all hours worked over forty in a work week, each of these weeks Plaintiff worked over forty hours.

17. Plaintiff typically worked 60 hours per week and worked additional 10 hours on Sundays for half of the year, for a total of 70 hours.

18. Specifically Plaintiff worked 6/10/18 - 6/16/18 a total of 70 hours, and was paid straight time for the overtime hours.

19. Plaintiff performed his job responsibilities for Defendants in the State of Illinois

20. The named Plaintiff was not exempt from the overtime provisions of the FLSA.

## COUNT I - FAIR LABOR STANDARDS ACT

21. The Plaintiff re-alleges and incorporates by reference paragraphs 1-17.

22. Under the FLSA, Plaintiff was entitled to be paid by Defendants for each hour worked in excess of 40 hours each work week at one and one-half times his regular rate of pay.

23. The proper overtime rate is computed by multiplying 1.5 times an employee's regular hourly rate.

24. Defendants failed to compensate the Collective for all work performed.

25. Defendants failed to compensate the Collective for all work performed at the proper overtime rate for all work in excess of 40 hours per week in violation of the FLSA.

26. Upon information and belief, Defendant's practices were not based upon Defendants' review of any policy or publication of the United States Department of Labor and therefore was willful and deliberate.

27.     Due to Defendants' violations of the FLSA, the Plaintiff is entitled to recover from Defendants his unpaid compensation, liquidated damages, reasonable attorney's fees, and the costs of this action, pursuant to 29 U.S.C.§216(b).

WHEREFORE, the Plaintiff requests the following relief:

A.  A declaratory judgement that Defendants violated the overtime wage provision of the FLSA as to the Plaintiff;

B.  A declaratory judgment that Defendants' violations of the FLSA was willful;

C.  Unpaid compensation;

D.  Unpaid overtime compensation;

E.  An additional amount equal as liquidated damages;

F.  Prejudgment interest;

G.  Reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b); and

H.  Such other and further relief as this Court deems appropriate and just.

## COUNT II - ILLINOIS MINIMUM WAGE LAW

28.     Plaintiff hereby alleges and incorporates Paragraph 1 through 24 of this Complaint, as is fully set forth herein.

29.     This count arises from Defendants' violation of the overtime compensation provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

30.     Under the IMWL, Defendants were and remains obligated to compensate Plaintiff for all hours worked and all hours worked in excess of 40 hours in any individual work week. Overtime compensation must be paid at a rate of not less than one and one-half times the regular rate of pay.

31. Plaintiff was regularly permitted, encouraged and/or required to work without compensation and work in excess of 40 hours per week but was not compensated at the required one and one-half times his regular rate for such overtime work.

32. By failing to pay compensation and overtime compensation due to Plaintiff, Defendants willfully, knowingly and/or recklessly violated the IMWL which requires overtime compensation of one and one-half times the regular rate to be paid.

33. As a result of Defendants' policy and practice of withholding compensation and overtime compensation, has been damaged in that he has not received wages due to him pursuant to the IMWL.

WHEREFORE, Plaintiff requests the following relief s:

A. A Declaratory Judgement that Defendant violated the minimum wage provisions of the IMWL as to the Plaintiff;

B. A declaratory judgement that Defendant's violations of the IMWL were willful;

C. Unpaid compensation;

D. Unpaid overtime compensation;

E. A judgment of punitive damages, including statutory interest of 2% per month, as provided by IMWL;

F. A judgement of reasonable attorney's fees and costs incurred in filing this action; and

G. Such other and further relief as this Court deems appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all questions of fact raised by this Complaint, including FLSA claims.

Dated:  August 7, 2019                                        Respectfully Submitted,

By: /s/ John C. Ireland
One of the Attorneys for the Plaintiff

John C. Ireland
The Law Office of John C. Ireland
636 Spruce Street
South Elgin ILL 60177
630-464-9675
Fax 630-206-0889
attorneyireland@gmail.com